**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEANNETTE SPANGENBERG-DANA,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO.  25-3333** |
| **THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CT d/b/a TRAVELERS,** | |
| **Defendant.** | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                    **February 27, 2026**

After allegedly sustaining serious injuries in a motor vehicle accident, Plaintiff Jeannette Spangenberg-Dana filed a complaint against Defendant The Automobile Insurance Company of Hartford, CT (doing business as "Travelers"), claiming breach of contract and bad faith under 42 Pa. Cons. Stat. § 8371.

Defendant filed a motion to dismiss, asserting that: (1) Plaintiff's breach of contract claim is subject to the arbitration provision of the her insurance policy with Defendant (the "Policy") and, therefore, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) Plaintiff failed to establish a claim of bad faith on which relief can be granted, such that the claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## I.    BACKGROUND

When considering a motion to dismiss, this Court must accept as true all relevant and pertinent factual allegations in the complaint and construe these facts in the light most favorable to the plaintiff.[1] The relevant allegations are summarized below.

---

[1] See *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d. Cir. 2009).

On or about July 11, 2023, Plaintiff was involved in an automobile accident in which she suffered severe injuries.[2] A traffic investigation of the crash determined that Plaintiff was not at fault.[3] At the time of the vehicle collision, Plaintiff was insured for the purposes of underinsured motorist ("UIM") coverage by the insurance policy issued by Defendant.[4] After providing Defendant with all relevant medical treatment records regarding Plaintiff's injuries and damages, Plaintiff demanded that Defendant immediately tender the full amount of the applicable UIM coverage, $100,000.00.[5] To settle Plaintiff's claim, Defendant offered $5,000.00, based on Defendant's evaluation of Plaintiff's injuries.[6] Plaintiff alleges that Defendant did not rely on medical evidence to support its offer and has refused to make a "reasonable settlement offer."[7]

In its motion to dismiss, Defendant attached a copy of the Policy, which includes the following arbitration clause:

> If [the parties] do not agree: Whether the owner or operator of the "uninsured motor vehicle" or "underinsured motor vehicle" is legally liable to that "insured" for "bodily injury" sustained and caused by the accident; or . . . [about the] amount of damages sustained by the "insured"; [e]ither party may make a written demand for arbitration.[8]

Also in its motion to dismiss, Defendant claims that on July 28, 2025, Defendant's counsel communicated a written demand for arbitration to Plaintiff's counsel via email.[9]

---

[2] Pl.'s Compl. ¶ 8 [Doc. No. 1].

[3] Pl.'s Compl. ¶ 9 [Doc. No. 1].

[4] Pl.'s Compl. ¶ 18 [Doc. No. 1].

[5] Pl.'s Compl. ¶ 22 [Doc. No. 1].

[6] Pl.'s Compl. ¶¶ 26-29 [Doc. No. 1].

[7] Pl.'s Compl. ¶¶ 29 [Doc. No. 1].

[8] Def.'s Mot. to Dismiss, Ex. 1, at ECF 27 [Doc. No. 8-2].

[9] Def.'s Mot. to Dismiss, Ex. 2 [Doc. No. 8-3].

## II.    LEGAL STANDARD

A challenge to a complaint under Rule 12(b)(1) may be treated as a facial or a factual challenge to the Court's subject matter jurisdiction.[10] A facial attack challenges subject matter jurisdiction on the face of the pleadings, and a factual attack challenges the existence of jurisdiction "quite apart from any pleadings."[11] In reviewing a factual attack, the Court may look to evidence outside of the pleadings.[12] "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[13] Once a Defendant makes a factual 12(b)(1) motion, "the plaintiff will have the burden of proof that jurisdiction does in fact exist."[14]

In evaluating a defendant's Rule 12(b)(6) motion to dismiss, this Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."[15] The Court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"[16] The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts."[17] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[18] "A

---

[10] *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

[11] *Mortensen*, 549 F.2d at 891.

[12] *Gotha v. United States,* 115 F.3d 176, 178-79 (3d Cir. 1997).

[13] *Mortensen*, 549 F.2d at 891.

[14] *Id*.

[15] *Fowler*, 578 F.3d at 210-11 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[16] *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

[17] *Id.* (citation and internal quotation marks omitted).

[18] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20]

## III.  DISCUSSION

### A.  Breach of Contract Claim

A claim may be dismissed under Rule 12(b)(1) when the Court lacks subject matter jurisdiction over the claim.[21] Defendant has not established that a valid arbitration agreement, which binds parties to arbitrate the claim at issue, strips a district court of subject matter jurisdiction over the underlying claim. The Third Circuit has not directly addressed whether a binding arbitration clause creates a jurisdictional impediment.[22] In an unpublished 2004 opinion in *Liberty Mutual Fire Insurance Company v. Yoder*, the Third Circuit stated that "motions seeking the dismissal of . . . [an] action on the basis that arbitration is required are not jurisdictional as they raise a defense to the merits of an action.[23] In an unpublished 2015 opinion, the Third Circuit affirmed a district court's order compelling arbitration after the district court granted a motion to dismiss "for lack of subject matter jurisdiction because it determined the parties' agreement required arbitration."[24] The Third Circuit, however, did not opine on the district court's finding that the arbitration agreement was a jurisdictional factor.[25] Courts within

---

[19] *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[20] *Id.* (citing *Twombly*, 550 U.S. at 555).

[21] Fed. R. Civ. P. 12(b)(1).

[22] *See* 5B Wright & Miller's Federal Practice & Procedure § 1350 n.25 (4th ed.).

[23] *Liberty Mut. Fire Ins. Co. v. Yoder*, 112 F. App'x 826, 828 (3d Cir. 2004).

[24] *Organizational Strategies, Inc. v. Feldman Law Firm LLP*, 604 F. App'x 116, 117 (3d Cir. 2015).

[25] *Id.*

this district have not clearly evaluated motions to dismiss on the basis of arbitration agreements under Rule 12(b)(1).[26]

Absent clear, binding precedent from the Third Circuit permitting dismissal under Rule 12(b)(1) for lack of jurisdiction based upon an arbitration agreement, this Court is not convinced an arbitration agreement is jurisdictional, and it follows the Third Circuit's persuasive decision in *Liberty Mutual Fire Insurance Company*. Thus, this Court finds that a motion to dismiss under Rule 12(b)(1) is not the proper procedure to challenge an action on the basis of an arbitration agreement.

A motion to dismiss based on an arbitration agreement may be considered under Rule 12(b)(6).[27] Typically, courts consider the applicability of an arbitration agreement in the context of a motion to compel arbitration. There are two plausible standards of review for a motion to compel. On the first standard, when it is clear from the face of a complaint and supporting documents that an arbitration clause applies to the claims, a Rule 12(b)(6) motion to dismiss standard applies.[28] On the second standard, when the complaint and supporting documents are

---

[26] *See, e.g., Giordano v. Pep Boys, Manny, Moe & Jack, Inc.*, No. Civ. A. 99-1281, 2000 WL 298923, at *2 (E.D. Pa. Mar. 15, 2000) ("[W]hen all of the claims in a case are arbitrable, a court may dismiss the action instead of staying it. . . Such a dismissal is discretionary, however, and not jurisdictional. It follows that Federal Rule of Civil Procedure 12(b)(1) is an inappropriate basis for dismissal." (internal citation omitted); *Dimattei v. Diskin Motors, Inc.,* Civ. Action No. 16-5183, 2017 WL 1283943, at *1 n.1 (E.D. Pa. Apr. 6, 2017) (noting that "The Third Circuit Court of Appeals has suggested in an unpublished decision that Rule 12(b)(1) is not the proper vehicle to raise an arbitration issue" before allowing such a motion to proceed); *see also Henry on behalf of BSC Ventures Holdings, Inc. Emp. Stock Ownership Plan v. Wilmington Tr. NA*, 72 F.4th 499, 504 n.5 (3d Cir. 2023) (citing with approval *Singh v. Uber Techs. Inc.*, 939 F.3d 210, 214 (3d Cir. 2019) (In which the defendant filed 12(b)(6) motion to dismiss on the basis of arbitration agreement)).

[27] *BSC Ventures Holdings,* 72 F.4th at 504 n.5; *see also Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018) ("A motion to dismiss pursuant to an arbitration agreement should therefore be construed as a Rule 12(b)(6) motion even if it is mislabeled as a Rule 12(b)(1) motion."); *Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018) ("[A] Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is not the appropriate mechanism to use to attempt to compel arbitration.").

[28] *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (citing *Somerset Consulting, LLC v. United Cap. Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)).

unclear about an agreement to arbitrate, the Court allows limited discovery and applies a summary judgment standard.[29]

Defendant moves to dismiss Plaintiff's breach of contract claim for lack of subject matter jurisdiction based on the existence of a valid agreement to arbitrate, but it does not do so on the face of the pleadings.[30] It is a factual challenge. On the record before this Court, the complaint and supporting documents are not clear about an agreement to arbitrate.

The Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."[31] Plaintiff's breach-of-contract claim rests on the terms of the Policy, which Plaintiff recognized as operative in her complaint.[32] Plaintiff does not dispute the authenticity of the Policy document itself.[33] However, she does dispute the validity and enforceability of the arbitration agreement.[34]

Plaintiff argues that "[she] has no way of knowing whether the arbitration agreement cited to by Defendant was even present in the original policy documents," and if "Defendant could not show that Plaintiff was notified of and understood the subsequent changes to the policy terms" then the arbitration agreement may be treated as invalid.[35] The thrust of Plaintiff's argument is that Defendant did not provide evidence that the Policy agreement attached to the Motion to Dismiss is the same as the contract Plaintiff entered into when she initially bought

---

[29] *Id*. at 776.

[30] Def.'s Mot. to Dismiss at 2 [Doc. No. 8].

[31] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993).

[32] Pl.'s Compl. ¶ 18 [Doc. No. 1].

[33] Plaintiff does challenge whether the Policy provided "is in fact the same policy which Plaintiff agreed to be bound by." Pl.'s Resp. in Opp'n Def.'s Mot. to Dismiss at 4 [Doc. No. 9-1]. However, her argument makes clear that she challenges not the authenticity of the Policy, but rather its validity as it relates to the arbitration clause.

[34] Pl.'s Resp. in Opp'n Def.'s Mot. to Dismiss at 4-5 [Doc. No. 9-1].

[35] Pl.'s Resp. in Opp'n Def.'s Mot. to Dismiss at 4-5 [Doc. No. 9-1].

insurance from Defendant. Indeed, the Policy attached to Defendant's Motion to Dismiss does reflect some changes that occurred after implementation of the original contract.

The complaint and supporting documents are unclear about an agreement to arbitrate. Accordingly, the Court cannot apply a Rule 12(b)(6) motion to dismiss standard, and limited discovery is necessary to resolve the dispute over the arbitration agreement.

Because Defendant did not establish that this Court lacks jurisdiction over the claim and because the arbitration dispute cannot be resolved under Rule 12(b)(6), Defendant's Motion to Dismiss the breach of contract claim will be denied.

### B.    Bad Faith Claim

Defendant moves to dismiss Plaintiff's bad faith claim for failure to state a claim under Rule 12(b)(6). Plaintiff claims that Defendant's handling of her UIM claim constituted bad faith, entitling her to damages under 42 Pa. Cons. Stat. § 8371.[36] The complaint alleges that Defendant acted in bad faith by: (1) "arbitrarily and capriciously" refusing to make a reasonable settlement offer to settle the claim of its own insured,[37] (2) failing to offer tender of the applicable policy limits for underinsured motorist coverage,[38] and (3) continuing to refuse to "deal fairly and in good faith in response to Plaintiff's demand for tender of the underinsured policy limits, despite Defendant having absolutely no medical evidence to the contrary of Plaintiff's position that the severe injuries and damages are directly related to the subject, compensable motor vehicle collision."[39]

---

[36] Pl.'s Compl. ¶¶ 36-45 [Doc. No. 1].

[37] Pl.'s Compl. ¶ 40 [Doc. No. 1].

[38] Pl.'s Compl. ¶ 42 [Doc. No. 1].

[39] Pl.'s Compl. ¶ 45 [Doc. No. 1].

At the motion to dismiss stage, Plaintiff's complaint must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those prescribed elements.[40] To establish a statutory bad faith claim Plaintiff must sufficiently allege "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis."[41] The analysis of whether an insurer has acted in bad faith is "fact specific and depend[s] on the conduct of the insurer *vis á vis* the insured."[42]

Plaintiff has not alleged that Defendant has unreasonably delayed the adjudication of her claim.[43] Plaintiff's complaint alleges that "Defendant [was] provided with records which reflect severe injuries in the form of a partial thickness tear of the rotator cuff, multi-level orthopedic injuries to the cervical and thoracic spine, and bursitis in the left shoulder, among others injuries."[44] In response, Defendant's adjuster reasoned that Plaintiff's damages were valued at $5,000 because Plaintiff's "condition was only 'degenerative' and that, 'bursitis cannot be caused by an injury.'"[45] Plaintiff argues that such a basis for evaluation is unreasonable because "Defendant's adjusters admittedly ha[d] no independent medical knowledge . . . [to] support her contention that Plaintiff's injuries were not caused by the [collision]," and that "Defendant has

---

[40] *Twombly*, 550 U.S. at 556.

[41] *Rancosky v. Washington Nat'l Ins. Co.,* 170 A.3d 364, 365 (Pa. 2017) (affirming the two-part test articulated by the Superior Court in *Terletsky v. Prudential Property & Cas. Ins. Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994)).

[42] *Grossi v. Travelers Personal Ins. Co.*, 79 A.3d 1141, 1149 (Pa. Super. Ct. 2013) (quoting *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1142-1143 (Pa. Super. Ct. 2006)).

[43] *See generally* Pl.s' Compl. [Doc. No. 1]. "While the length of time [Defendant] took to investigate is not *per se* bad faith, it is a factor for the trial court to consider when looking at all circumstances of the case." *Grossi*, 79 A.3d at 1153.

[44] Pl.'s Compl. ¶ 39 [Doc. No. 1].

[45] Pl.'s Compl. ¶ 26 [Doc. No. 1].

no medical evidence, whatsoever, to support their refusal to make a reasonable settlement offer" or to "contradict the opinions of Plaintiff's treating physicians."[46]

While the Third Circuit has expressed that "mere negligence or bad judgment is not bad faith,"[47] and "[a] reasonable basis is all that is required to defeat a claim of bad faith,"[48] Plaintiff has sufficiently pled a claim of bad faith. Taking Plaintiff's allegations to be true, the Court credits her claim that Defendant valued her claim without any medical evidence to support their disagreement with Plaintiff's treating physicians. This denial is more than just negligence or bad judgment—it is unreasonable. Plaintiff's complaint alleges Defendant failed to adhere to its policy provisions with "no justifiable reason or rationale for [its] unwillingness to make an offer of tender of the limits to settle Plaintiff's underinsured motorist claim."[49]

Plaintiff has also sufficiently alleged facts that suggest the denial was both unreasonable and intentional or reckless.[50] She has adequately pled a claim that "the insurer breached its duty of good faith through some motive of self-interest or ill will."[51]

Accordingly, Defendant's Motion to Dismiss the bad faith claim will be denied.

## IV.  CONCLUSION

For the reasons set forth herein, the Motion to Dismiss will be denied. An order will be entered.

---

[46] Pl.'s Compl. ¶¶ 28-30 [Doc. No. 1].

[47] *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).

[48] *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d. Cir. 2012) (quoting *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d. Cir. 2004)).

[49] Pl.'s Compl. ¶ 41 [Doc. No. 1].

[50] *Post*, 691 F.3d at 523 (quoting *UPMC Health Sys. v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 501 (3d. Cir. 2004)).

[51] *Babayan*, 430 F.3d at 137 (quoting *Brown*, 860 A.2d at 501).